UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVABLY, INC., d/b/a SYNCRO MSP,<br><br>         Plaintiff,<br><br>v.<br><br>BRANDI CROWN,<br><br>         Defendant. | Case No.: 24-CV-1685 JLS (VET)<br><br>**ORDER GRANTING JOINT MOTION FOR ENTRY OF PRELIMINARY INJUNCTION**<br><br>(ECF No. 16) |

  Presently before the Court is Plaintiff Servably, Inc. d/b/a/ Syncro MSP ("Syncro" or "Plaintiff") and Defendant Brandi Crown's ("Defendant") (collectively, the "Parties") Motion for Entry of an Order of Preliminary Injunction ("Joint Mot.," ECF No. 16).

  On September 20, 2024, Plaintiff brought this action against Defendant for purported violations for purported violations of the Defense of Trade Secrets Act, 18 U.S.C. § 1836, et seq. ("DTSA"), the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 et seq., California Business and Professions Code Section 17200, breach of contract, and conversion. *See generally* Complaint ("Compl."), ECF No. 1. Subsequently, on October 11, 2024, Plaintiff filed a Motion for Preliminary Injunction ("PI Mot.," ECF No. 10) seeking to preliminarily enjoin Defendant from using, disclosing, or transmitting Syncro's trade secrets, or its proprietary confidential information, including her retained knowledge of the contents of the improperly downloaded files, and seeking an order that she provide

a third-party reviewer, or Syncro's outside counsel with attorney-eyes-only access to (i) all personal email accounts, (ii) any and all computing devices in her possession, custody, or control, and (iii) any other storage, account, or device on which she may have stored, or through which she may have transferred, Syncro's trade secrets or confidential or proprietary information. PI Mot. at 2.

The Parties have conferred on the terms of a preliminary injunction to be entered in response to Plaintiff's Motion for Preliminary Injunction and Defendant stipulates with Plaintiff to allow entry and enforcement of a preliminary injunction, while denying liability in the substantive claims at issue. Joint Mot. at 2.

The Court, having reviewed the stipulation and other relevant pleading and matters of record, finds that the entry of the Parties' proposed Preliminary Injunction is "fair, reasonable and equitable and does not violate the law or public policy." *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990); *Fed. Trade Comm'n v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1218 (9th Cir. 2004) (equating a consent decree to a stipulated preliminary injunction, "which is essentially a proposed injunction that reflects a temporary settlement"); *see also, e.g.*, *EcoShield Pest Sols. Portland, LLC v. Grit Mktg., LLC*, No. 3:24-CV-00887-HZ, 2024 WL 2957072, at *1 (D. Or. June 12, 2024); *N. Cent. Distrib., Inc. v. Bogenschutz*, No. 117cv01351AWIEPG, 2019 WL 1004843, at *1 (E.D. Cal. Mar. 1, 2019); *Montrose Env't Grp., Inc. v. Zephyr Air Quality Servs., LLC*, No. 2:16-CV-00433-SAB, 2017 WL 393606, at *1 (E.D. Wash. Jan. 27, 2017).

In that regard, the Court finds Plaintiff is entitled to the preliminary injunctive relief specified below; that Plaintiff has suffered and will continue to suffer irreparable injury if the requested relief is not granted; that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; that, considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted; and that the public interest would not be disserved by entering the proposed Preliminary Injunction.

Accordingly, the Court **GRANTS** the Parties' Joint Motion (ECF No. 16) and **ORDERS** (1) Defendant Brandi Crown is preliminarily enjoined from using, disclosing,

or transmitting Syncro's trade secrets, or its proprietary and confidential information, including her retained knowledge of the contents of the downloaded files as identified in the Complaint in this matter, and (2) an independent review shall be conducted and completed in accordance with the Parties' Settlement Agreement and Memorandum of Understanding, executed on November 15, 2024.

In light of the foregoing, the Court **DENIES** Plaintiff's initial Motion for Preliminary Injunction (ECF No. 10) as **MOOT**, and **VACATES** the December 9, 2024 hearing on that matter.

**IT IS SO ORDERED.**

Dated: November 25, 2024

Hon. Janis L. Sammartino
United States District Judge